IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTHUR JOYAL BARKER,<br>   Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>   Respondent. | §<br>§<br>§<br>§     3:15-CV-3134-M-BK<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this action was automatically referred to the United States Magistrate Judge. Petitioner, a state prisoner, filed a *pro se Motion for Leave to File for Discovery Under Newly Discovered Evidence Under Brady*, Doc. 2, which was docketed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the motion be denied and that this action be summarily dismissed.

**I. BACKGROUND**

In 2005, Petitioner was convicted of aggravated robbery and sentenced to 80 years' imprisonment. *See State v. Barker*, No. F-0435305 (291st Judicial District Court, Dallas County 2005), *aff'd* No. 05-05-00515-CR, 2006 WL 279381 (Tex. App. -- Dallas, Feb. 7, 2006, pet. ref'd). He unsuccessfully challenged his conviction in numerous state and federal habeas court proceedings and repeatedly sought leave to file successive applications from the United States Court of Appeals for the Fifth Circuit, which ultimately ordered him to pay monetary sanctions and "barred [him] from filing in this court or in any court subject to this court's jurisdiction any challenge to his conviction or

sentence until the sanction is paid in full, unless he first obtains leave of the court in which he seeks to file such challenge." *See Barker v. Thaler* No. 3:11-CV-3345-L-BD, 2011 WL 6747424 (N.D. Tex. 2011), recommendation accepted, 2011 WL 6747473 (N.D. Tex. 2011) (summarizing state and federal habeas filings, denial of leave to file by the Fifth Circuit Court of Appeals and prior sanction bars, and dismissing request for leave to file a successive application).

In the motion *sub judice*, Petitioner seeks leave to file a motion for discovery. He asserts that "newly discovered evidence . . . would demonstrate that Petitioner . . . was convicted and sentenced while incompetent." Doc. 2 at 1. He relies on *Brady v. Maryland*, 373 U.S. 83 (1963) as the basis for his motion.

## II.  ANALYSIS

Petitioner's motion for leave to file should be denied as premature. The Rules Governing Section 2254 Proceedings contemplate discovery only in the event of a pending habeas corpus petition. *See* Rule 2(c) and (d) and Rule 6 of the Rules Governing Section 2254 Proceedings for the United States District Courts. No petition is pending in this case.

Even liberally construing the motion for discovery as a challenge to Petitioner's state conviction, the Court lacks jurisdiction to consider a successive habeas petition. *See* 28 U.S.C. § 2244(b) (limiting the circumstances under which a petitioner may file a second or successive application for federal habeas relief); 28 U.S.C. § 2244(b)(3)(A) and (B) (before a petitioner may file a second or successive application in the district court, a three-judge panel of the court of appeals must determine whether the application

makes the requisite prima facie showing).  The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider the successive claims challenging Petitioner's aggravated robbery conviction.  Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, his motion for discovery, construed as a habeas petition, should be dismissed without prejudice for want of jurisdiction.  See Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003) (section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the court of appeals first grants the petitioner permission to file such a petition).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the *Motion for Leave to File for Discovery Under Newly Discovered Evidence Under Brady*, Doc. 2, be **DENIED**.  In the alternative, construing the motion as a petition for writ of habeas corpus, it should be summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because Petitioner has not obtained authorization to file a successive habeas petition from the United States Court of Appeals for the Fifth Circuit.  See 28 U.S.C. § 2244(b)(1) and (3).

SIGNED October 8, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE